**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1489**

MARIE THERESE ASSA'AD-FALTAS, MD, MPH,

Plaintiff - Appellant,

v.

JEAN TOAL, as administrative head of all SC's state courts
and all their subordinates who intend to injure Plaintiff,
all solely officially and solely for injunctive relief;
DANIEL EDWARD SHEAROUSE, as Clerk of SC's Supreme Court and
all their subordinates who intend to injure Plaintiff, all
solely officially and solely for injunctive relief; MARK
KEEL, as Chief of SC's State Law Enforcement Division (SLED)
and all their subordinates who intend to injure Plaintiff,
all solely officially and solely for injunctive relief;
LEROY SMITH, as Head of SC's Department of Public Safety and
all their subordinates who intend to injure Plaintiff, all
solely officially and solely for injunctive relief; LEON
LOTT, as Sheriff of Richland County SC and warden of the
Alvin S Glenn Detention Center (ASGDC) and all their
subordinates who intend to injure Plaintiff, all solely
officially and solely for injunctive relief; JAMES R.
BARBER, III, as SC's Fifth Judicial Circuit's Administrative
Judge and all their subordinates who intend to injure
Plaintiff, all solely officially and solely for injunctive
relief; DANIEL JOHNSON, as SC's Fifth Judicial Circuit's
Solicitor and all their subordinates who intend to injure
Plaintiff, all solely officially and solely for injunctive
relief; JEANETTE MCBRIDE, as Richland County's Clerk of
Court and all their subordinates who intend to injure
Plaintiff, all solely officially and solely for injunctive
relief; ROSLYNN FRIERSON, as Director of SC's Office of
Court Administration and all their subordinates who intend
to injure Plaintiff, all solely officially and solely for
injunctive relief; STEVEN BENJAMIN, as Mayor and all members
of the City of Columbia (the City) Council and all their
subordinates who intend to injure Plaintiff, all solely
officially and solely for injunctive relief; STEVE GANTT,

manager for the City and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANA TURNER, falsely bearing a title of Chief Administrative Judge of the City's Municipal Court (CMC) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; RANDY SCOTT, falsely bearing a title of the City's Chief of Police and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; MARION HANNA, falsely bearing the title of CMC judge and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; KEN GAINES, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; ROBERT G. COOPER, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANA MARIE THYE, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DAVID A. FERNANDEZ, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief,

Defendants – Appellees.

---

**No. 13-1524**

---

MARIE THERESE ASSA'AD-FALTAS, MD, MPH,

Plaintiff - Appellant,

v.

JEAN TOAL, as administrative head of all SC's state courts and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANIEL EDWARD SHEAROUSE, as Clerk of SC's Supreme Court and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; MARK KEEL, as Chief of SC's State Law Enforcement Division (SLED) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief;

2

LEROY SMITH, as Head of SC's Department of Public Safety and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; LEON LOTT, as Sheriff of Richland County SC and warden of the Alvin S Glenn Detention Center (ASGDC) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; JAMES R. BARBER, III, as SC's Fifth Judicial Circuit's Administrative Judge and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANIEL JOHNSON, as SC's Fifth Judicial Circuit's Solicitor and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; JEANETTE MCBRIDE, as Richland County's Clerk of Court and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; ROSLYNN FRIERSON, as Director of SC's Office of Court Administration and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; STEVEN BENJAMIN, as Mayor and all members of the City of Columbia (the City) Council and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; STEVE GANTT, manager for the City and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANA TURNER, falsely bearing a title of Chief Administrative Judge of the City's Municipal Court (CMC) and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; RANDY SCOTT, falsely bearing a title of the City's Chief of Police and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; MARION HANNA, falsely bearing the title of CMC judge and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; KEN GAINES, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; ROBERT G. COOPER, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DANA MARIE THYE, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief; DAVID A. FERNANDEZ, supposed attorneys for the city and all their subordinates who intend to injure Plaintiff, all solely officially and solely for injunctive relief,

3

                    Defendants – Appellees.

                    _____

Appeals from the United States District Court for the District
of South Carolina, at Columbia.  Terry L. Wooten, Chief District
Judge.  (3:12-cv-02991-TLW)

                    _____

Submitted:  November 19, 2013          Decided:  November 21, 2013

                    _____

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

                    _____

No. 13-1489 dismissed; No. 13-1524 affirmed by unpublished per
curiam opinion.

                    _____

Marie Therese Assa'ad-Faltas, Appellant Pro Se.

                    _____

Unpublished opinions are not binding precedent in this circuit.

4

PER CURIAM:

In these consolidated appeals, Marie Assa'ad-Faltas appeals the district court's order denying her motion for a temporary restraining order, as well as its order dismissing her claims after a 28 U.S.C. § 1915 (2006) review. We dismiss in Appeal No. 13-1489, and affirm in Appeal No. 13-1524.

To the extent that Assa'ad-Faltas appeals the denial of her motion for a temporary restraining order in Appeal No. 13-1489, such a denial is not immediately appealable and must be dismissed as interlocutory. See Virginia v. Tenneco, Inc., 538 F.2d 1026, 1029-30 (4th Cir. 1976).

To the extent that Assa'ad-Faltas challenges the district court's order dismissing her claims against Defendants in Appeal No. 13-1524, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's amended judgment. Assa'ad-Faltas v. Toal, No. 3:12-cv-02991-TLW (D.S.C. Apr. 16, 2013).

Based on the foregoing, we dismiss Appeal No. 13-1489, and affirm in Appeal No. 13-1524. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 13-1489, DISMISSED;
No. 13-1524, AFFIRMED

5